# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JACK EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-0006-WTL-WGH |
| | ) | |
| MICHAEL MCDANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint and Directing Entry of Final Judgment**

Plaintiff Jack Edwards filed this civil rights complaint alleging that his former defense attorney violated his Sixth Amendment right to be represented by adequate counsel. Edwards claims that because of his former attorney's performance he was convicted of two counts of murder and one count of attempted murder. The cost of the defendant's deficient legal services was $32,489.50. Edwards requests that the defendant be disbarred and that his family be reimbursed the amount paid for Edwards' defense.

**Discussion**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*, 551 U.S. at 93 (per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has

a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Edwards' claim that the defendant violated his constitutional rights is necessarily brought pursuant to 42 U.S.C. § 1983. This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. ' 1331. To state a claim under ' 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). AThe color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law.@ *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power Apossessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.@ *United States v. Classic,* 313 U.S. 299, 326 (1941). Under authority established for more than a generation, the defendant attorney did not act under color of state law when representing Edwards in the criminal proceeding, whether the defendant was privately retained or paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Because there was no action Aunder color of state law@ when Edwards' defense counsel represented him in an Indiana state court, there is no viable claim for relief pursuant to 42 U.S.C. ' 1983. There is also no allegation which would support the exercise of the court=s diversity jurisdiction as to any claim under Indiana state law, and a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006).

It is noted that, Edwards does not seek release from custody through this action, nor could he use a civil rights action to secure a change in custody status; that is the exclusive province of habeas corpus. In other words, when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). Edwards may seek habeas corpus relief in an appropriate forum.

## Conclusion

The complaint fails to state a claim upon which relief granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/12/2012

*(signature)*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana